UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 09-6972 DSF (JEMx) | Date | 10/2/09 |
|---|---|---|---|
| Title | Cathay Bank v. Kristin Harbest | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Remanding Case to Superior Court of California, Los Angeles County

On September 29, 2009, Defendant removed this state law unlawful detainer action on the basis of federal question jurisdiction. Defendant claims that the Protecting Tenants at Foreclosure Act of 2009 prevents her from being evicted. This is a federal defense. Under well-established law, if a defendant's basis for removal jurisdiction is a federal question defense, as opposed to an affirmative federal claim, there is no removal jurisdiction. "[A] defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation, 463 U.S. 1, 10 (1983) (emphasis in original). It is not enough for removal purposes that a federal question may arise during the course of the litigation in connection with some defense or counterclaim, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).

This matter is REMANDED to the Superior Court of California, Los Angeles County, due to lack of subject matter jurisdiction.

IT IS SO ORDERED.